IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BISON PATENT LICENSING LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 2:26-cv-_____<br><br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bison Patent Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia and having a principal place of business at 5282 Forest Springs Drive, Atlanta, GA 30338.

2. On information and belief, Defendant is a corporation organized and existing under the laws of China, with a principal place of business in Shenzhen, Guangdong, China. OnePlus manufactures and sells smartphones throughout the world and in the United States. On information and belief, OnePlus does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

3. On information and belief, Defendant has authorized sellers and sales representatives that have offered and sold infringing products through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District.

## JURISDICTION AND VENUE

4.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

5.      This Court has personal jurisdiction over Defendant because it has minimum contacts with the State of Texas, and has purposefully availed itself of the privileges of conducting business in the State of Texas. For example, on information and belief, Defendant has, directly or through intermediaries, sold or offered to sell infringing products in the State of Texas and this Judicial District, or has provided infringing products to intermediaries for distribution throughout the country, including Texas and this judicial district, with knowledge of this distribution. On information and belief, Defendant has derived substantial revenues from infringing acts occurring within the State of Texas and within this District. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they would be purchased and used by customers located in this State. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and this District.

6.      Venue is proper in this Court as to Defendant pursuant to 28 U.S.C. § 1391(c) on the grounds that Defendant is a foreign corporation.

## FACTUAL BACKGROUND

**U.S. Patent No. 9,693,030**

7.      Plaintiff is the owner of record and assignee of United States Patent No. 9,693,030 ("the '030 patent") and has standing to sue and recover all past damages for infringement of the '030 patent.

2

8.      The '030 patent, entitled "Generating Alerts Based Upon Detector Outputs," was duly and legally issued on June 27, 2017. The '030 patent issued from a U.S. patent application filed on July 28, 2014, and claims priority to a U.S. provisional application filed on September 9, 2013. A true and correct copy of the '030 patent is attached as Exhibit A and incorporated herein by reference.

9.      As indicated in the '030 patent, the inventions disclosed and claimed therein provide improved video processing that permits an enhanced viewing experience. *See, e.g.*, '030 patent at Abstract.

**U.S. Patent No. 9,693,333**

10.      Plaintiff is the owner of record and assignee of United States Patent No. 9,693,333 ("the '333 patent") and has standing to sue and recover all past damages for infringement of the '333 patent.

11.      The '333 patent, entitled "System and Method for Location Boosting Using Proximity Information," was duly and legally issued on June 27, 2017. The '333 patent issued from a patent application filed on February 9, 2012, and claims priority to a U.S. provisional application filed on February 9, 2011. A true and correct copy of the '333 patent is attached as Exhibit B and incorporated herein by reference.

12.      As indicated in the '333 patent, the inventions disclosed and claimed therein provide improved techniques for locating a mobile device within a communication network, especially in challenging environments (e.g., urban environments, indoor environments, etc.). *See, e.g.*, '333 patent at 1:30-33; 1:59-2:56.

<u>**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,693,030**</u>

13.      Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

14.     Defendant has directly infringed at least claim 1 of the '030 patent, either literally or under the doctrine of equivalents, in connection with its OnePlus smartphones with tracking focus, including at least the OnePlus 13, as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

15.     On information and belief, Defendant has performed all steps of this claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves, for example, tracking focus for automatically tracking and focusing on a moving subject in a live video. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

16.     Defendant's infringing activities have been without authority or license under the '030 patent.

17.     Because the asserted claim of the '030 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

18.     Plaintiff has been damaged by Defendant's infringement of the '030 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,693,333

19.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

20.     At least since receiving notice of its infringement by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '333 patent, including at least claim 25, either literally or under the doctrine of equivalents, in connection with the OnePlus smartphones with find-my-device functionality, including at least the OnePlus 15R, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference. Defendant induces infringement at least by selling the accused products to its customers and distributing product literature inducing end users and others to use the functionality of the accused products in a manner that prompts a server of the provider of the find-my-device functionality to perform a method that infringes at least claim 25 of the '333 patent. On information and belief, Defendant and the provider of the find-my-device functionality have entered agreements relating to the inclusion of the find-my-device functionality on Defendant's products.

21.     Defendant's infringing activities have been without authority or license under the '333 patent.

22.     Because the asserted claim of the '333 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply.

23.     Plaintiff has been damaged by Defendant's infringement of the '333 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.   Entry of judgment that Defendant has infringed at least one claim of the '030 patent and at least one claim of the '333 patent;

B.   Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, together with an accounting of all infringing acts, including but not limited to those acts not presented at trial;

C.   A determination that this case is exceptional, and an award of attorney's fees;

D.   All costs of this action;

E.   Pre-judgment and post-judgment interest on the damages assessed; and

F.   Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 6th day of August, 2026.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
Bison Patent Licensing LLC